**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **THOMAS ALAN GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-CV-27 (MTT)** |
| ) | |
| **Sherrif BRAD FREEMAN,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**<u>ORDER</u>**

Thomas Alan Griffin filed this lawsuit against the defendants on January 17, 2025.  Doc. 1.  Griffin's complaint was not filed in a text-searchable PDF format and, thus, he received three notices of deficiencies directing him to re-file his complaint.  Doc. 2.  Griffin did not re-file his complaint.  The Court ordered him to show cause as to why he failed to comply with the notice of deficiencies.  Doc. 3.

The time for compliance passed without a response from Griffin.  Thus, the Court entered another show cause order directing Griffin to show cause why his case should not be dismissed for failure to comply with the Court's order.  Doc. 4.  Griffin was given until February 21, 2025 to comply with the Court's order and warned that failure to comply could result in dismissal of this action.  *Id*.

The time for compliance has again passed without a response from Griffin.  As Griffin was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey

a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))[1].  Accordingly, Griffin's complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 27th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).